**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:02-cr-111-CEH-J_S

JOSEPH CUCINIELLO

_____

## **ORDER**

This cause comes before the Court on Defendant Joseph Cuciniello's "Motion for Courts to Order United States to Stop Circumventing Court Order Document 2035 Motion for Dismissal of Case" (Doc. 2038) and his "Motion for Courts Decision on Docket No. 2037" (Doc. 2040).

**Doc. 2038**

In the first motion, Defendant claims that the Government is "circumventing" a June 7, 2021, order of this Court, which denied as moot his request that the Court suspend the deduction of funds from his social security check as restitution based on his medical conditions. *See* Docs. 2031, 2035.

The Court ultimately denied Defendant's motion as moot on the grounds that—although the Government opposed indefinite relief from collection of Defendant's restitution judgment—it represented in its opposition to Defendant's motion that he had been removed from the Treasury Offset Program ("TOP") as of April 2020 in light of his health issues. Doc. 2035. Based on the Government's response, the Court found

that Defendant was no longer subject to deductions by TOP and thus denied his motion as moot. *Id.*

Defendant's instant motion claims that there were no deductions from his social security "[f]or three months," but that on September 9, 2021, he received a notice from the government of its intent to refer his debt to TOP. Doc. 2038 at 1. Subsequently, he claims that the deductions began again. *Id.* Defendant claims that the Court never notified him that its previous order (Doc. 2035) had been "rescinded," and that the prosecution thereby wrongfully and illegally restarted the deductions. Doc. 2038 at 2. He appears to request that the Court order the Government to halt any further deductions from his checks.[1] *Id.* Separately, and without citation to law or evidence, he asks that this court "review all evidence of [Defendant's] innocence and all the evidence of prosecutions misconduct to receive a guilty verdict and dismiss this case against me with prejudice." Doc. 2038 at 2–3.

The Government responds in opposition, arguing that Cuciniello's remaining $14,899,184.46 restitution balance was properly submitted to TOP and that his Social Security payments are as such subject to offset pursuant to the Debt Collection Improvement Act of 1996. Doc. 2039 at 1 (citing 31 U.S.C. § 3701 *et seq.*; *Lockhart v. United States,* 546 U.S. 142 (2005)). Additionally, the Government argues that

---

[1] Defendant's precise request for relief is unclear, and he also seeks to "incorporate" unspecified arguments from a previous filing (Doc. 2037). The Court has reviewed that separate filing, which lends no additional support to Defendant's arguments.

Defendant's request for dismissal of his case is without merit, as his judgment is final and his debt is enforceable until September 14, 2040. *Id.* (citations omitted).

As to both points, the Court agrees with the Government and must deny Defendant's requests based on a lack of authority to support Defendant's requests for relief, to the extent he has clearly specified the relief he requests.

First, as to the request for a review of the verdict and all evidence in his case, there is no basis for such a review and no authority for the Court to conduct such a review. Next, to the extent Defendant construes the Court's Order denying as moot his prior motion for relief from the deductions (Doc. 2035) as an order to the Government to permanently halt all TOP deductions, he misreads the Order. In that Order, the Court merely denied his request to alter the judgment as moot because he had temporarily been removed from the TOP deduction program. Therefore, Defendant's contention that the Government is circumventing any order of the Court is unsubstantiated, and his motion must be **DENIED**.

**Doc. 2040**

Defendant's second motion asks the Court to "decide" on his filing at Doc. 2037. That filing, in turn, requested virtually the same relief as his motion at Doc. 2038, arguing that the Government was "circumventing" an order of this Court by continuing to subject him to TOP deductions.

The Government filed a response to Defendant's motion, noting that Defendant is delinquent on his restitution debt, has refused to enter into a payment agreement or show evidence of a financial hardship, and that his debt is properly being offset through

TOP. Doc. 2044 at 4–8. First, the Government notes that Defendant was ordered to pay $15,290,601.38 in restitution to his victims. Doc. 1183 at 6. Further, the Government notes that it has the authority to offset or withhold payments from other agencies to collect restitution. Doc. 2044 at 6 (citing *United States v. Pickett,* 505 F. App'x 838, 842–43 (11th Cir. 2013) (unpublished) (denying a motion to enjoin the government from offsetting Social Security benefits to collect a restitution judgment); *Reeves v. Astrue,* 526 F.3d 732, 738 n.3 (11th Cir. 2008) (citing 31 U.S.C. § 3716(a), 31 C.F.R. § 285.5). On this basis, and because the Defendant owes a valid restitution debt, the Government argues that the Court need not "overturn" its original order denying as moot Defendant's request to have his debt removed from TOP. Doc. 2044 at 6–8.

As previously discussed, Defendant's claim that the Government is circumventing any order of the Court is meritless. Therefore, the Court agrees with the Government and will deny both of Defendant's motions, as there is no authority that supports his requested relief and Defendant appears to misconstrue the Court's prior order.

Accordingly, it is **ORDERED**:

1. Defendant Joseph Cuciniello's "Motion for Courts to Order United States to Stop Circumventing Court Order Document 2035 Motion for Dismissal of Case" (Doc. 2038) is **DENIED.**

2. Defendant Joseph Cuciniello's "Motion for Courts Decision on Docket No. 2037" (Doc. 2040) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties